**RECEIVED**
IN LAKE CHARLES, LA.

**NOV 29 2010**

TONY R. MOORE, CLERK
BY _____
                    DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **DOCKET NO. 2:06 CR 20022-001**<br>**Civ. No. 2:10-cv-1362** |
| VS. | : | **JUDGE MINALDI** |
| GAYLAND BRUCE HEWITT | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside or Correct Sentence [doc. 51] pursuant to 28 U.S.C. §2255. The Government filed a Answer [doc. 57].[1]

The defendant claims that counsel was ineffective during the plea and sentencing by:

1) Failing to recognize that the defendant had an allegedly viable Fourth Amendment claim; and

2) Failing to present expert testimony from clinical psychologists who had evaluated and were treating the defendant.

## PROCEDURAL HISTORY

The defendant pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Doc. 1). In the written factual stipulation the defendant admitted that approximately 350 images of hardcore, prepubescent child pornography were found on his computer. These images had been downloaded from the internet (Doc. 14).

The district court determined the defendant's offense level to be 28 and his criminal history

---

[1] A reply by the defendant was due by November 12, 2010, but no reply brief was timely filed.

category to be I, yielding a guidelines sentencing range of 78 to 97 months (SOR, III). This court sentenced Hewitt to serve 80 months incarceration to be followed by a 5-year term of supervised release. The defendant timely appealed.

On appeal Hewitt's counsel initially filed an *Anders* brief. However, the defendant had filed a motion with the Fifth Circuit to relieve his attorney and to appeal *pro se*. The Fifth Circuit considered the defendant's *Anders* response and found potentially non-frivolous issues for appeal and denied counsel's motion for leave to withdraw without prejudice and ordered counsel to file a merits brief addressing specific issues (Doc. 45). Thereafter, the defendant's appointed counsel filed a brief on the merits raising the three issues noted by the court. After Hewitt's appointed counsel had filed a brief and record excerpts on behalf of the defendant and the government had filed its brief, the Fifth Circuit granted the defendant's motion to proceed *pro se* and issued another briefing notice.

On November 14, 2008, the defendant, proceeding *pro se*, filed a brief raising three sentencing issues and one issue regarding the search and seizure of his computer. The government filed its opening brief and the defendant replied asserting that he failed to file the motion to suppress the computer and its images due to the ineffectiveness of his counsel.

The Fifth Circuit affirmed the defendant's conviction and sentence in an unpublished decision rendered May 7, 2009 under docket number 07-30670. The court found that the defendant had pleaded guilty and that his plea was voluntary and that Hewitt had not reserved the right to assert a challenge to an illegal search and seizure on appeal. The court also noted that Hewitt did not challenge the validity of his guilty plea on appeal and, therefore, had waived the right to challenge any non-jurisdictional defects arising before the plea was entered, including a claim of illegal search and seizure. The court further noted that the defendant had raised for the first time in his reply brief

2

the issue of ineffective assistance of trial counsel. The Fifth Circuit rejected that claim because it was raised for the first time in an appellate reply brief (Doc. 48). The mandate issued on May 29, 2009.

Hewitt petitioned the Supreme Court for a writ of certiorari. Defendant's petition was denied by the Supreme Court on October 5, 2009 under its docket number 09-5895.

The defendant then filed this motion pursuant to 28 U.S.C. § 2255 on August 26, 2010, within one year from the date his petition for certiorari was denied.

### Facts

On November 9, 2005, the defendant took his computer to the WebTronics Computer Store in Lake Charles, Louisiana. He was seeking assistance in backing up his hard drive and restoring his windows operating system (PSR, ¶ 4). As a store employee was checking files for viruses, he noticed what appeared to be child pornography. Specifically, he observed nude images of children, some alone and some with adults, including images of children engaged in sexual activity with adults. The employee then consulted with the store's owner and after the owner viewed the photos he immediately called police. When the officers arrived they took control of the computer, its hard drive and four IBM recovery disks. They provided the owner of the computer shop with receipts for the items and recovered three handwritten receipt forms that gave WebTronics authorization to work on defendant's computer.

A search warrant was later obtained and subsequent to that search investigators discovered over 350 images of child pornography, including images of children engaged in sex acts with adults and animals (PSR, ¶¶ 4, 6). Additional forensic examination confirmed that these images had been downloaded from the internet.

The defendant was arrested and at the time he was arrested stated that his daughters had been

3

sexually molested by their maternal grandfather and that he would never abuse anyone and was "sorry for the mistake made on his computer" (PSR, ¶ 5).

Hewitt was represented by appointed counsel, Clifford Newman. After pleading guilty, a presentence investigation report (PSR) was prepared and resulted in a total offense level of 23 with a criminal history category of I, yielding a guideline range of 46 to 57 months imprisonment. Neither defendant nor the government filed any objections to the PSR. However, on August 23, 2006, Dr. Rose Miller, PhD sent a letter to the district court regarding evaluations of defendant performed by her and Dr. Donald Trahan, PhD (Exh. C to 2255). In her letter, Dr. Miller expressed her belief and that of Dr. Trahan that defendant "does not exhibit any pedophilic interests toward children," and endorsed defendant's explanation that he had downloaded the pornographic images as part of his efforts to understand why his own daughters had been molested by their grandfather (Exh. C to 2255, p. 2).

The government then requested that in light of defendant's examinations by his psychologists defendant should be examined by Dr. Maureen Brennan on behalf of the government. The government stated that such an examination was necessary "in order to evaluate the substance of [the defendant's experts'] report and to independently verify the conclusions therein . . . ." (Doc. 16). The court granted the government's motion and ordered the examination (Doc. 19). The court also ordered that the reports of examination by Dr. Miller and Dr. Trahan be provided to the U.S. Probation Office (Docs. 17-18).

Dr. Brennan's report was provided to the court and all counsel and included in the record on appeal under seal. Dr. Brennan noted that defendant's responses to the Abel Screening Test revealed that while defendant's sexual interest was highest in adult females, he also demonstrated a significant

4

sexual interest in preschool females and a lesser, but still significant, sexual interest in preschool males. Dr. Brennan also noted that defendant's results "indicate the probability that he is attempting to conceal having sexually abused a child," which places him in a "higher risk group" and correlates with an 81 percent probability of being a child sexual abuser.

On December 1, 2006, the government filed a "notice of intent to ask for upward departure," asserting that the court consider the fact that defendant "concealed the true reason for possessing the child pornography (that he had a sexual interest in children) . . ." when considering whether to depart or deviate from the guideline range (Doc. 24). Alternatively, the government suggested that the court could consider this factor in determining whether defendant should receive a reduction in his offense level for acceptance of responsibility.

The government then filed a motion to continue the sentencing and filed objections to the original PSR asserting that defendant's offense level should be increased because some of the images defendant possessed depicted sadistic conduct, including sexual acts with infants and prepubescent children, bondage and bestiality (2nd Addendum to PSR). The government also objected to defendant's receiving a reduction for acceptance of responsibility because he had claimed that he had no sexual interest in children, but that claim had been refuted by Dr. Brennan's findings. The probation officer added the four levels for the sadistic nature of the images. However, probation did not eliminate the two points for acceptance of responsibility but only eliminated the one which requires government approval. This resulted in an advisory guidelines sentencing range of 78 to 91 months imprisonment.

On March 28, 2007, Assistant Federal Public Defender, Wayne Blanchard, was appointed to represent defendant (Doc. 31). The district court continued the sentencing hearing and rescheduled

it twice to give defendant time to settle matters concerning his representation. This court granted the defendant's motion to exclude the results of the Abel Sexual Assessment upon which Dr. Brennan had relied in part in evaluating defendant (Docs. 32, 34). Defendant then filed a sentencing memorandum under seal arguing that he was responsible for caring for his ailing elderly parents and that he should not be denied reduction for acceptance of responsibility merely because he was trying to "mitigate his conduct" (Doc. 33).

At sentencing, the government moved to strike the documents generated by Dr. Miller because she was not licensed (Sent., pp. 2-4). The court granted the motion and noted that after reviewing Dr. Miller's report the court had formed its own doubts about Dr. Miller. The court observed that Dr. Miller's report was "one of the most preposterous reports [the court] had ever seen . . .," and that the court believed it was "ridiculous for any mental health professional to be reaching conclusions and accepting the things that she was accepting . . . ." (Sent., p. 4).

The court heard argument from defense counsel and from defendant in mitigation of punishment. The court noted that it took into account defendant's lack of prior criminal history and the fact that he was responsible for the care of his parents. However, the court also noted that while it believed defendant's daughters had been molested, it did not believe that was the reason defendant possessed child pornography (Sent., p. 6). In its Statement of Reasons, the court noted that it adopted the presentence investigation report without change (SOR, I, A).

<u>Law and Analysis</u>

The only issues cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues, and in rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which could result in a "complete miscarriage of justice." *United States v. Cervantes*, 132

6

F.3d 1106, 1109 (5th Cir. 1998); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1996); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 456 U.S. 152, 102 S. Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) *(en banc)*. Even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.1994) ( citing *Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.1995).

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-96, 106 S. Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *Bousley v. United States*, 523 U.S. 614, 620-2, 118 S. Ct. 1604, 1610-1611, 140 L.Ed.2d 828 (1998); *United States v. Ward*, 55 F.3d 412, 414 (5th Cir. 1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232; *United States v. Williams*, No. 05-30014-01, 2008 WL 5532099, *2 (W.D.La. 12/04/2008).

A criminal defendant who fails to raise an available issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice. *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). A

7

prisoner who collaterally attacks his conviction can establish cause for his procedural default "if he can show that some objective factor external to the defense impeded counsel's efforts to comply with the ... procedural rule or that his attorney's performance failed to meet the [*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] standard for effective assistance of counsel." *Reece v. United States*, 119 F.3d 1462, 1465 (11th Cir. 1997)(internal quotations omitted). A showing of a fundamental miscarriage of justice can be shown if a prisoner can establish actual innocence. *Id.* at 1465 n.5. To do so, the prisoner must demonstrate that, "in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." *Jones v. United States*, 153 F.3d 1305, 1308 (11th Cir. 1998) (internal quotations and citations omitted).

Hewitt argues ineffective assistance of counsel in his §2255 motion. Evaluating whether counsel was ineffective is subject to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that the defendant was deprived of a fair and reasonable trial. *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987) (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064); *United States v. Gibson*, 985 F.2d 212, 215 (5th Cir. 1993). The burden that *Strickland* poses on a defendant is severe. *Proctor v. Butler*, 831 F.2d 1251, 1255 (5th Cir. 1987).

One way to satisfy the deficiency prong of the *Strickland* test is for the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards. *Martin v. McCotter*, 798 F.2d 813, 816 (5th Cir. 1986), *cert. den.*, 107 S. Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987). Given the almost infinite

8

variety of trial techniques and strategies available to counsel, this court must be careful not to second- guess legitimate strategic choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit has stressed that, "great deference is given to counsel, 'strongly presuming that counsel has exercised reasonable professional judgment.'" *Id.* at 816 (quoting *Lockart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.*, 479 U.S. 1030, 107 S. Ct. 873, 93 L.Ed.2d 827 (1987)).

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067.  Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine such confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

Hewitt challenges the validity of his guilty plea and alleges that  his defense counsel was constitutionally deficient in failing to file a motion to suppress the pornographic images that were downloaded from his computer and the computer itself. He asserts that had he known that he had a viable argument, he would not have pleaded guilty.  This issue was not raised on appeal.

It is well-settled that "[w]hen a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all nonjurisdictional defects in the prior proceedings." *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir.2007), *cert. denied,* --- U.S. ----, 128 S.Ct. 336, 169 L.Ed.2d 236 (2007). As the Supreme Court stated in *Tollett v. Henderson*:

> [A] guilty plea represents a break in the chain of events which has preceded it in the
> criminal process. When a criminal defendant has solemnly admitted in open court
> that he is in fact guilty of the offense with which he is charged, he may not thereafter

9

raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [ *v. Richardson,* 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763, (1970)].

*United States v. Daughenbaugh* 549 F.3d 1010, 1012 ( 5th Cir. 2008).

In the context of a guilty plea, prejudice is present if there is a reasonable probability, that absent counsel's errors, the defendant would not have entered a guilty plea and would have insisted on a trial. *Hill v. Lockhart*, 106 S.Ct. 366 (1985); *Theriot v. Whitley*, 18 F.3d 311, 313 (5th Cir. 1994). Since the defendant pleaded guilty, all non-jurisdictional defects in the proceedings against the defendant are waived. This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991); *Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983). Regardless of his attorney's performance, "the conviction should be upheld if the plea was voluntary," for if the plea is voluntary, there is no prejudice. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

The burden of proof is on a § 2255 petitioner to prove his allegations. The defendant has introduced no evidence that this court did not comply with the provisions of Rule 11 of the Federal Rules of Criminal Procedure, requiring that "the court... shall not accept the (guilty) plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." *Munich v. United States*, 337 F.2d 356 (9th Cir. 1964); *Domenica v. United States*, 292 F.2d 483 (1st Cir. 1961). The defendant has not established that his alleged ineffective assistance of counsel resulted in an involuntary guilty plea. This court has reviewed the voluntariness of the defendant's plea and finds  that the plea was, in fact, voluntary.

Hewitt also argues that his counsel was ineffective because he did not file a Motion to Suppress the search of his home and the seizure of his computer. The filing of pretrial motions is considered trial strategy. *Murray v. Maggio*, 736 F.2d at 283. Decisions by counsel concerning strategy are considered with great deference. A motion to suppress, under the facts of this case, would have been frivolous. The agents had evidence documenting the defendant's use of his computer to access and store child pornography prior to their arrival at his residence. He has voluntarily surrendered his computer to third party, to which he had given authorization to work on the computer. He therefore had no reasonable expectation of privacy. Given these facts, there is no basis upon which a motion to suppress would have been granted.

The defendant argues that the pornographic images -which enabled the FBI to obtain a warrant to search his home and computer and subsequently arrest him-were unlawfully obtained in violation of his Fourth Amendment rights. This argument is wholly without merit. The "Sixth Amendment does not require that every possible motion be filed, but only those having a solid foundation." *Coleman v. Brown*, 802 F.2d 1227, 1234 (10th Cir.1986). This claim therefore fails under the first prong of *Strickland* because it cannot be said that defense counsel acted unreasonably in failing to file a meritless motion to suppress. Accordingly, reasonable jurists could not debate whether this issue should have been resolved in a different manner.

Hewitt also argues that his counsel at sentencing was ineffective for failing to submit the reports of Dr. Trahan and Dr. Duncan, two licensed psychologists who defendant claims were willing to testify on his behalf. The government had obtained an examination of defendant by an independent expert, Dr. Brennan. Dr. Brennan's findings were adverse to defendant. The reports of Dr. Trahan and Dr. Duncan, and an additional defense expert, Dr. Miller, indicate that they sought

11

to mitigate the offense by accepting the defendant's assertion that he possessed the pornography as part of his research which was prompted by the sexual molestation of his daughters. Hewitt denied that the purpose was for his own sexual gratification and his experts believed him.

This court had access to the reports of Dr. Miller and Dr. Trahan as they were submitted to the probation officer and reference is made to them in the PSR. It is unclear whether Dr. Duncan's report was submitted to the probation officer, although Dr. Duncan's report was used by Dr. Miller, to form her opinion. Dr. Duncan's report was sent to Rose Miller and not to the court or to defendant or defense counsel. Neither Dr. Trahan nor Dr. Duncan state in their affidavits that they made their report available to defense counsel or to the court (2255, Exhs. D & E).

This court ordered, on August 30, 2006, that the reports of Dr. Trahan and of Dr. Miller be provided to the U.S. Probation Office in the Western District of Louisiana (Docs. 17-18). The court had these reports available to review. Because it is unclear whether Dr. Duncan's report was ever made available  to defense counsel, defense counsel cannot be faulted for failing to call him as a witness . The defendant has submitted nothing to support a claim that defense counsel knew of this expert.

This court expressly rejected the defendant's assertion and the belief expressed by his experts that the reason he possessed child pornography was because he was researching why someone would abuse a child as a result of his own experience with the sexual molestation of his daughters. The district judge stated, "You may have convinced yourself that was the reason, perhaps, but I just don't believe that." (Sent., p. 6). The number of images and the fact that many qualify as sadistic images fully support that evaluation.

Hewitt did not raise this issue in his direct appeal and he has failed to establish or to

overcome the procedural bar. The defendant submitted a *pro se* brief with four issues on appeal. He did not include among the three sentencing issues the failure of counsel to submit expert opinion regarding his mental state. He has also failed to establish that any prejudice to his substantial rights resulted from this failure. This court had access to Miller's and Trahan's reports as well as Brennan's report.  The undersigned expressly stated that she did not believe defendant when he said that this child pornography was present on his computer as a result of research into child sexual abuse. The district judge is entitled to make credibility decisions and sentence defendant within the guidelines sentencing range.

The failure to call experts at sentencing is not a constitutional violation and defendant has failed to overcome the procedural bar for not raising the issue on appeal. Whether to call a psychology expert at sentencing is a matter of strategy.  Defense counsel's conduct in failing to call such an expert to testify was a reasonable trial strategy, and therefore was not ineffective assistance. U.S.C.A. Const.Amend. 6; *Inited States v. Ivory,* 350 Fed.App'x. 228 (10th Cir. 2009).

Accordingly, for the reasons stated herein, the defendant's §2255 motion will be denied. Lake Charles, Louisiana, this **29** day of  November, 2010.


PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE