RECEIVED
IN LAKE CHARLES, LA

JAN 13 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20022-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| GAYLAND BRUCE HEWITT | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

Presently before the court is the defendant's Motion to Alter or Amend [doc. 64] Court's Order.[1]

This court issued a Judgment [doc. 63] on November 29, 2010, denying the defendant's §2255 motion. In the corresponding Memorandum Ruling [doc. 62], the court noted that a timely response to the Government's Reply had not been filed by Hewitt. Hewitt takes issue with this statement by arguing that he had hand-delivered his response to prison officials on November 12, 2010, therefore the response was timely.

The Order [doc. 53] issued on September 8, 2010, set forth the deadlines for briefs in this matter. In this Order, Hewitt was allowed twenty (20) days following the *filing* of the Government's memorandum *to file* his response. The Government's memorandum was filed on October 22, 2010. Therefore, the defendant's Reply, if any, was to be *filed* no later than November 11, 2010. Since November 11, 2010, was a legal holiday, the Reply should have been filed no later than November 12, 2010.

*Pro se* prisoners' filings are governed by the mailbox rule. Thus, they are deemed "filed as soon as the pleadings have been deposited into the prison mail system." *Spotville v. Cain,* 149 F.3d 374, 376 (5th Cir.1998) (citing *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) and *Cooper v. Brookshire,* 70 F.3d 377, 379 (5th Cir.1995)). The prisoner has the burden of proving that he submitted

---

[1] This motion was docketed as a Motion for Reconsideration.

his action for mailing before the filing deadline. *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir.2005). "An inmate can establish the date on which he ... gave the papers to be filed with the court to a prison official in one of two ways. First, if the prison has a legal mail system, then the prisoner must use it as a means of proving compliance with the mailbox rule.... The second mechanism for establishing a filing date for purposes of the mailbox rule must be used if the inmate does not have access to a legal mail system-or if the existing legal mail system is inadequate to satisfy the mailbox rule. In either of these circumstances, the mandatory method by which a prisoner ... proves compliance with the mailbox rule is to submit a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was pre-paid." *Id.* (citations and internal quotation marks omitted). Moreover the declaration or notarized statement must indicate that its contents are true under penalty of perjury. *Id.* at 1166 n. 6 (citations and internal quotation marks omitted). *Bernal v. Kline*, 178 Fed.App'x. 780, 783, 2006 WL 1075722, 2 (10th Cir. 2006).

Hewitt has failed to satisfy these requirements. Exhibit A to Hewitt's motion, the "Supplemental Affidavit,"[2] is dated November 10, 2010, and complies with the requirements of 28 U.S.C. §1746,[3] but this document purportedly addresses the merits of his motion, and does not provide evidence sufficient to establish the date that his "Reply" was filed. The actual postmark on the envelope containing the Reply is

---

[2] *See DIRECTV, Inc. v. Budden*, 420 F.3d 521, 531 (5th Cir.2005) ("[The non-moving party's] attempt to create a fact issue as to [an element of the relevant statute] by relying on a conclusory and self-serving affidavit is on unsteady ground."); *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir.2001) ( "[S]elf-serving allegations [in an affidavit by a party] are not the type of significant probative evidence required to defeat summary judgment." (internal quotation marks and citation omitted)); *Granger v. Guillory*, 819 So.2d 477, 481 (La.Ct.App.2002) ("We only have the Defendant's speculation that someone else must have done the nefarious deed, since he did not."). *State Farm Fire & Cas. Co v. Delta Beverage Group Inc.*, 2010 WL 4615237, 3 ( 5th Cir. 2010).

[3] Hewitt's "Supplemental Affidavit" was not notarized, but did indicate that it was given "under penalty of perjury." *See* 28 U.S.C. § 1746; *In re Favre*, 342 Fed.App'x. 5, 8 (5th Cir. 2009).

November 17, 2010. There is no evidence that supports Hewitt's assertion that he hand-delivered the documents to prison officials on November 12, other than his own self-serving statement.[4]

For the court to consider the merits of the defendant's Reply, he must establish timely mailing either through a legally sufficient affidavit, by a statement in compliance with 28 U.S.C. §1746 and by submitting copies of prison mail logs affirmatively establishing that his Reply was hand-delivered to prison authorities on or before November 12, 2010. Accordingly,

IT IS ORDERED that the defendant shall have thirty (30) days from the date of this order to submit evidence of timely mailing of his Reply.

Lake Charles, Louisiana, this ___ day of January, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[4] The defendant's self-serving statement is not sufficient to establish the presumption of receipt under the common law mailbox rule. *See Rios v. Mansfield*, 21 Vet.App. 481, 482 (2007) (stating that the "presumption of receipt permitted under the common law mailbox rule is not invoked lightly" and "requires proof of mailing, such as an independent proof of a postmark, a dated receipt, or evidence of mailing apart from a party's own self-serving testimony"). *Fithian v. Shinseki,* 2010 WL 4461661, 4 (Vet.App.,2010).