RECEIVED
IN LAKE CHARLES, LA.

SEP 18 2012

TONY R. MOORE, CLERK
BY _____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06cr20022-001 |
| VS. | : | JUDGE MINALDI |
| GAYLAND BRUCE HEWITT | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

IT IS ORDERED that the defendant's Motion for Return of Property (Rec. Doc. 91) IS DENIED.

A post-conviction Rule 41(g) motion is generally considered a civil equitable proceeding for the return of the property at issue. See *United States v. Solis*, 108 F.3d 722 (7th Cir. 1997). This Court has discretion whether or not to exercise jurisdiction under Rule 41(g). This jurisdiction is exceptional and should be exercised with caution and restraint. See *Hunsucker v. Phinney*, 497 F. 2d 34 (5th Cir. 1974); *In Re FBI Seizure of Cash and Other Property from Edwards*, 970 F.Supp. 557 (E.D., LA 1997).

As noted by the Government, factors a court may weigh in considering whether or not to exercise jurisdiction include 1) whether the government showed "callous disregard for the constitutional rights of the movant"; 2) whether "the movant has an individual interest in and need for the property he wants returned"; 3) whether "the movant would be irreparably injured by denying return of the property; 4) whether "the movant has an adequate remedy at law for the redress of his grievance." *Richey v. Smith*, 515 F.2d 1239, 1243-44 (5th Cir. 1975). There is no evidence of a callous disregard by the Government. Neither has Hewitt established that he will be irreparably harmed without it.

Relief under Rule 41(g)[1] is unavailable if the litigant has an adequate remedy at law and will not suffer irreparable injury if relief is denied. See *Industrias Cardoen, LTDA v. United States*, 983 F.2d 49,

_____

[1] Fed.R.Crim.P. 41(e) is the former version of Rule 41(g).

51–52 (5th Cir.1993); *Richey v. Smith,* 515 F.2d 1239, 1243–44 (5th Cir.1975).The property listed by the defendant in his motion was in the custody of the Acadia Parish Sheriff's Office and has been destroyed by that office. Hewitt has shown no attempt to secure this property from the State.

There are some limited circumstances under which Rule 41(g)  can be used as a vehicle to petition for the return of property seized by state authorities. Those circumstances include actual federal possession of the property forfeited by the state, constructive federal possession where the property was considered evidence in the federal prosecution, or instances where property was seized by state officials acting at the direction of federal authorities in an agency capacity.  *United States v. Copeman*, 458 F.3d 1070, 1071 (citation omitted). "[P]roperty seized and held by state law-enforcement officers is not in the constructive possession of the United States for Rule 41(g) purposes unless it is being held for potential use as evidence in a federal prosecution." *United States v. Copeman*, 458 F.3d at 1072. In *United States v. Copeman*, the Tenth Circuit held that, "[w]hen state avenues of relief are open to the movant, he cannot show an inadequate remedy at law." 458 F.3d at 1073 (internal quotation marks omitted)(brackets omitted). In this case, the Government has neither actual nor constructive possession of this property and the defendant's remedy was available from the state.

Lake Charles, Louisiana, this ⁴⁄ day of  September, 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

2